1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10                    **SACRAMENTO DIVISION**

11

12   DEAN ROBERT ANCHOR,                 )      Case No.  2:07-CV-01543-MMS
                                         )
13                        Petitioner,    )      ORDER
     v.                                  )
14                                       )
     R. J. SUBIA, Warden, et al.,        )
15                                       )
                         Respondents.    )
16   _____ )

17

18        Pro se Petitioner Dean Anchor, an inmate at Mule Creek State Prison seeks a

19   writ of habeas corpus under 28 U.S.C. § 2254 disputing California Superior

20   Court's denial of habeas relief in his challenge to the October 18, 2006 decision of

21   the California Board of Parole Hearings ("BPH") denial of parole.  Petitioner

22   alleges the denial of parole violated his rights under the Fourteenth Amendment of

23   the Constitution.  Having considered the arguments of the parties, the Court

24   DENIES the petition for the reasons stated below.

25                            **BACKGROUND**

26        Anchor is serving a sentence of 15 years to life for second degree murder.

27   In 1985, Anchor murdered a 30-year-old "outcall masseuse" in his house.  Anchor,

28   who still claims that he has no memory of the murder, struck the woman 23 times

1 with a blunt object.  The woman was found unclothed from the waist up and

2 wearing only underwear.

3      The BPH denied parole at Anchor's October 2006 hearing.  The Board

4 focused on the brutal nature of the crime, noting that Anchor had hit his victim

5 numerous times with no apparent motive.  The BPH also stated that Anchor's past

6 history of violence and substance abuse further suggested he was not suitable for

7 parole.  The BPH relied on Anchor's prison disciplinary record and failure to take

8 advantage of self help programs and expressed concerns that Anchor was planning

9 to depend on his continued participation in a particular rehabilitation to prevent

10 relapse into substance abuse.

11      Anchor filed a petition for a writ of habeas corpus in California Superior

12 Court.  The court denied the petition agreeing with the Board that Anchor had

13 shown an escalating pattern of violence prior to the murder, and that the murder

14 had no motive.  The court thus determined that the BPH decision was supported by

15 "some evidence."   The state court of appeal affirmed and the Supreme Court

16 denied review without discussion.

17      Connally filed a timely federal habeas petition.

## DISCUSSION

19      Under California law, prisoners serving indeterminate life sentences become

20 eligible for parole after serving a minimum term of confinement.  *In re*

21 *Dannenberg*, 104 P.3d 783, 785-86 (Cal. 2005).  California regulations state that "a

22 life prisoner shall be found unsuitable for and denied parole if in the judgment of

23 the panel the prisoner will pose an unreasonable risk of danger to society if

24 released from prison."  Cal. Code Regs. tit. 15, § 2402(a).  In making this

25 suitability determination, the BPH looks to factors such as the nature of the

26 commitment offense, the prisoner's record of violence, social history, behavior in

27

28                                          2

1 | prison, and any other information relevant to whether the prisoner poses an

2 | unreasonable risk to society. *See* Cal. Code Regs. tit. 15, § 2402(b)-(d).

3 |      If the prisoner files a state habeas petition, the state court reviews the

4 | decision of the BPH to determine whether "some evidence" supports the

5 | unsuitability determination. *See In re Shaputis*, 190 P.3d 573, 580-81 (Cal. 2008).

6 | California has defined "some evidence" to mean that the BPH's determination

7 | "must have some indicia of reliability." *In re Scott*, 15 Cal. Rptr. 3d 32, 52 (2004)

8 | (internal quotation marks omitted). A decision is not supported by "some

9 | evidence" where the BPH denies parole solely on the basis of facts of the

10 | commitment offense. *See In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008).

11 |      In *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), the Ninth

12 | Circuit explained the standard federal courts are to apply in reviewing the

13 | California court's denial of habeas relief to a prisoner challenging the BHP's denial

14 | of parole. The court held that a federal court may grant a writ of habeas corpus

15 | only if the "decision rejecting parole was an 'unreasonable application' of the

16 | California 'some evidence' requirement, or was 'based on an unreasonable

17 | determination of the facts in light of the evidence.'" *Id.* at 562-63. The Court here

18 | must therefore decide whether the California Superior Court's decision upholding

19 | the BPH's denial of parole unreasonably applied California's "some evidence"

20 | standard. *Id*. Petitioner argues that it does not, contending the BPH impermissibly

21 | relied on unchanging factors such as the violent nature of the crime of

22 | commitment.

23 |      Petitioner is correct that the state cannot rely *solely* on the facts of the

24 | murder in denying him parole. *See Cooke v. Solis*, 606 F.3d 1206, 1214 (9th Cir.

25 | 2010). The Superior Court pointed to the escalating pattern of violent behavior

26 | that preceded the crime as well as the lack of any explicable motive. The Board's

27 |

28 | 3

1    decision was further grounded upon the lack of any demonstrative capacity to

2    overcome prior substance addictions.  Clearly, "some evidence" beyond the facts

3    of the murder supported the BPH determination that Anchor was unsuitable for

4    parole.  Anchor could not even recall why he did it because he was on drugs at the

5    time.  The BPH was entitled to rely on Anchor's prior violent history and lack of

6    motive in denying him parole because both are supported by the record.  Cal. Code

7    Regs. tit. 15, § 2402(c)(1)(E), (2).  There was no unreasonable application of the

8    "some evidence" standard.

9                                        **CONCLUSION**

10          For the above reasons, the petition for a writ of habeas corpus is DENIED.

11   A certificate of appealability is also DENIED because Petitioner has failed to show

12   his claims are "debatable among reasonable jurists."  *See Hayward*, 603 F.3d at

13   555.

14          DATED:        September 8, 2010

15

16                                                /s/ *Mary M. Schroeder*
                                                  MARY M. SCHROEDER,
17                                                United States Circuit Judge
                                                  Sitting by designation
18

19

20

21

22

23

24

25

26

27

28                                            4